Filed 8/26/13  P. v. Belton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JUVOUNE RAY BELTON,<br><br>        Defendant and Appellant. | C073073<br><br>(Super. Ct. No. CRF122221) |

        Appointed counsel for defendant Juvoune Ray Belton has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We shall affirm the judgment.

### BACKGROUND

        In April 2012, defendant entered the victim's unoccupied apartment with the intent to commit a theft and took property valued at approximately $1,200.

1

A felony complaint charged defendant with first degree burglary (Pen. Code, § 459)[1] and receiving stolen property (§ 496, subd. (a)) in Yolo County. The complaint further alleged that defendant's prior conviction rendered him eligible for sentencing to state prison. Defendant pleaded no contest to the first degree burglary and the remaining count was dismissed. In an unrelated incident, defendant was convicted of committing a robbery (§ 211) in May 2012 in Sacramento County. The plea agreement included the provision that the Yolo County burglary would become the principal term, for which defendant would receive a two-year term, and the court would resentence defendant on the Sacramento County robbery to one-third the midterm, or one year. The trial court sentenced defendant in accordance with the plea to an aggregate term of three years in prison. Defendant was held in Yolo County on an order to produce from the Department of Corrections and Rehabilitation in the Sacramento County case. Accordingly, he did not earn presentence custody credits while held in custody in Yolo County. The trial court awarded defendant 92 days of actual custody credit, and ordered defendant to pay a $240 restitution fund fine (§ 1202.4), a $30 criminal conviction assessment (Gov. Code, § 70373) and a $40 court security fee (§ 1465.8, subd. (a)(1)). Defendant did not obtain a certificate of probable cause.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having

---

[1] Further undesignated statutory references are to the Penal Code.

undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


      DUARTE      , J.


We concur:


      MAURO      , Acting P. J.


      MURRAY      , J.